UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NADIA MOKHTAR, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1734 (RC) |
| | : | | |
| v. | : | Re Document No.: | 84 |
| | : | | |
| JOHN F. KERRY, Secretary of State | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM & ORDER

### DENYING DEFENDANT'S MOTION FOR SANCTIONS

## I.  INTRODUCTION

Plaintiff Nadia Mokhtar brought suit *pro se* against Defendant John F. Kerry, as Secretary of the United States Department of State, alleging violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.  As part of discovery regarding Mokhtar's damages allegations, Defendant requested that she provide executed privacy releases for the medical records held by her general practitioner.  Now before the Court is Defendant's motion for sanctions against Mokhtar under Federal Rule of Civil Procedure 37 due to her failure to comply with this request, as well as her failure to comply with subsequent Court orders demanding the same.[1]  For the reasons explained below, the Court will deny Defendant's motion for sanctions without prejudice.

---

[1] Defendant includes in the motion a request that the Court compel Mokhtar to produce the missing medical privacy releases.  As is explained in more detail below, the Court already has issued such an order, so the Court will deny that portion of Defendant's motion as moot.

## II.  BACKGROUND

After Mokhtar testified during her deposition that her general practitioner, Dr. Venessa Peyton, had provided treatment at Heritage Family Practice for certain medical conditions for which Mokhtar alleges Defendant is liable, Defendant sought privacy releases for Mokhtar's medical records at Heritage Family Practice, as well as any records at Dr. Peyton's new employer, Pinnacle Family Practice.  When Mokhtar initially failed to comply with Defendant's request, the Court issued an order on June 10, 2014, requiring Mokhtar to provide "the medical privacy release for her general practitioner on or before June 17, 2014."  *See* Order, ECF No. 70.  On June 18, 2014, Mokhtar sent Defendant's counsel a limited medical release for Pinnacle Family Practice in which she altered the release to cover only records related to her "neck problem [and] stress/skin problem."  *See id*.  Mokhtar did not provide a medical release for Heritage Family Practice.

Shortly thereafter, personnel at Pinnacle Family Practice informed Defendant that the practice had been open for less than one month, that Dr. Peyton did not yet have access to all of Mokhtar's medical records because most still were held at Heritage Family Practice, and that Dr. Peyton required a complete copy of the records before she would agree to be deposed.  With damages discovery set to close on August 7, the Court issued a Memorandum & Order on July 2, 2014, requiring Mokhtar to "provide Defendant[] with all outstanding medical privacy releases on or before July 9, 2014."  *See* Mem. & Order, ECF No. 78.  On July 11, Defendant filed a status report informing the Court that Mokhtar still had not provided the proper medical releases.  On that same date, Defendant filed the instant motion seeking sanctions that would preclude Mokhtar from recovering any compensatory damages or, alternatively, that would preclude her from submitting evidence in support of such damages.  *See* Def.'s Mot. Sanctions, ECF No. 84.

### III.  ANALYSIS

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party … fails to obey an order to provide … discovery,… the court where the action is pending may issue further just orders," including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  A court has broad discretion to manage discovery, and "[t]his deference [accorded by the Circuit] extends to the district court's imposition of discovery sanctions."  *Flynn v. Dick Corp.*, 481 F.3d 824, 835 (D.C. Cir. 2007) (citing *Jankins v. TDC Mgmt. Corp.*, 21 F.3d 436, 445 (D.C. Cir. 1994)); *see also Handy v. Shaw, Bransford, Veilleux & Roth*, No. CIV.A.00-2336, 2006 WL 3791387, at *8 (D.D.C. Dec. 22, 2006).

The D.C. Circuit has held, moreover, that "[t]he central requirement of Rule 37 is that any sanction must be just."  *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (citing *Ins. Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)).  The choice of sanction therefore should be guided by the "concept of proportionality" between the offense and the sanction.  *See Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1077 (D.C. Cir. 1986).  In determining whether a severe, issue-related sanction is justified, a court may consider the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future.  *See id.* at 1074.

For the following reasons, the Court finds that the sanctions Defendant seeks are not appropriate at this juncture.  First, the Court notes that Mokhtar is proceeding *pro se*, and *pro se* parties, though certainly not exempt from obeying Court orders, are generally granted more leeway than parties represented by counsel.  *Cf. Moore v. Robbins*, No. CV 13-1122, 2014 WL 930852, at *7 (D.D.C. Mar. 11, 2014) (noting in the context of pleading standards that a *pro se*

party "must be provided more leeway than a party represented by counsel," though "such leeway 'does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure.'" (quoting *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

Second, Defendant effectively seeks to preclude Mokhtar from recovering monetary damages based on her discovery violation, but such a drastic sanction typically is unwarranted when lesser sanctions might be sufficient, such as more narrowly tailored evidentiary sanctions related exclusively to Dr. Peyton. *See Bonds*, 93 F.3d at 809. Likewise, the Court has not ordered monetary sanctions against Mokhtar in the past, so jumping ahead to sanctions on the merits would be unnecessarily harsh. The Court also is not convinced that such sanctions are necessary to deter future violations by Mokhtar. *See Shea*, 795 F.2d at 1077.

Third, at this point in the litigation, it does not appear that Defendant has suffered any actual prejudice or adverse consequences from Mokhtar's lack of diligence. For instance, Defendant's pending motion for summary judgment raises no arguments regarding damages and does not rely on any medical records, so the delay in receiving the privacy releases apparently has not hindered Defendant's litigation effort as to the merits of the case thus far. *See* Def.'s Mem. Supp. Mot. Summ. J., ECF No. 87-2. In addition, the Court is uncertain about whether Mokhtar's failure to comply should be viewed as an intentional disregard of judicial authority or a failure to fully comprehend the nature and significance of the discovery process in federal court. Indeed, despite some moments of confusion, Mokhtar generally has satisfied her discovery obligations to Defendant, including conducting depositions and responding to discovery requests. She also partially complied with the Court's order to provide the medical releases by signing a release for Dr. Peyton's new practice, and it is unclear whether her attempt

4

to limit disclosure only to records about her "neck problem [and] stress/skin problem" makes any substantive difference based on the injuries she allegedly suffered from Defendant's conduct.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for sanctions is **DENIED WITHOUT PREJUDICE**.  Defendant may file a renewed motion for sanctions based on the medical releases and Mokhtar's damages claims if those issues become pertinent following summary judgment.

**SO ORDERED**.

Dated:  October 17, 2014                                                                   RUDOLPH CONTRERAS
                                                                                                                  United States District Judge